IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

Respondent,

v.

JAGJIT SINGH,

Appellant.

No. 84360-5-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Jagjit Singh appeals from a judgment and sentence entered upon his resentencing for one count of assault in the first degree and one count of assault in the second degree. He contends that the trial court erred by imposing community custody supervision fees given its stated intent to waive all nonmandatory legal financial obligations (LFOs). The State concedes error in this regard. We accept the State's concession and remand to the trial court to strike the provision in Singh's judgment and sentence directing him to pay community custody supervision fees. Otherwise, we affirm.

BACKGROUND

In 2018, Singh was convicted of and sentenced for one count of assault in the first degree (Count 1) and one count of assault in the second degree (Count 2). Both offenses, which were committed against Singh's then wife, carried domestic violence designations.

Singh appealed and argued among other things that he was sentenced based on an incorrect offender score of "4." See State v. Singh, No. 79017-0-I, slip op. at 1-2 (March 9, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/790170.pdf. The

State conceded error on this issue. Id. at 5. This court accepted the State's concession and remanded for resentencing. Id.

Singh was resentenced in July 2022. Based on a corrected offender score of "2," the standard range for Count 1 was 111 to 147 months, and the standard range for Count 2 was 12 months plus one day to 14 months.

At sentencing, the State requested an exceptional upward sentence of 171 months on Count 1, citing aggravating circumstances that were proven at trial. Meanwhile, Singh's counsel argued for a low-end standard range sentence, citing various mitigating circumstances. Following his counsel's argument, Singh made a statement in which he asked the court to impose an exceptional downward sentence of 72 months on Count 1.

The trial court denied both the State's request for an exceptional upward sentence and Singh's request for an exceptional downward sentence. It explained, addressing Singh:

> I will say given that the information that's been provided by your attorney, while [the factfinder] did clearly find . . . that two crimes for which you were convicted were part of an ongoing pattern of psychological and physical abuse of [the victim] over a prolonged period of time.
> Based on the mitigating information presented however, I don't think an exceptional sentence above the standard range is appropriate. However, your request for a sentence of 72 months is also wildly disproportionate to your actions and to the consequences of your actions.
> I – I'm glad you're doing better, truly I am. And . . . I hope you have a long life ahead of you; as I said, you're still a young man. And it sounds like there are people in your life who care about you and cherish you and can use help from you, that's actually a blessing.
> But as I said, . . . the actions that you took have to have significant consequences.

The trial court ultimately imposed concurrent sentences of 132 months on Count 1 and 14 months on Count 2, with credit for time served. Singh appeals.

-2-

## DISCUSSION

### Community Custody Supervision Fees

At sentencing, the trial court stated on the record that "[a]ny nonmandatory financial penalties are waived." However, Appendix H to Singh's judgment and sentence directs Singh to "[p]ay supervision fees as determined by the Department of Corrections." Singh contends this was an error.

The State "agrees that the court did not intend to order collection of supervision fees" and concedes "that the requirement should be stricken from Appendix H to the judgment." We accept the State's concession and remand to the trial court to strike, from Appendix H of Singh's judgment and sentence, the provision directing Singh to "[p]ay supervision fees as determined by the Department of Corrections."[1] See State v. Bowman, 198 Wn.2d 609, 629, 498 P.3d 478 (2021) (confirming that community custody supervision fees are discretionary LFOs and holding that trial court "committed procedural error by imposing [the] discretionary fee where it has otherwise agreed to waive such fees").

### Statement of Additional Grounds for Review

Singh has filed a statement of additional grounds for review (SAGR) in which he asserts that he is entitled to resentencing, before a different judge. In support, Singh first argues that he was denied his right of allocution. See RCW 9.94A.500(1) (at sentencing hearing, court "shall . . . allow arguments from . . . the offender . . . as to the sentence to be

---

[1] Singh also argues that his counsel was ineffective for failing to request a waiver of the community custody supervision fees. Because we remand to strike the fees based on the State's concession of error with regard to their imposition, Singh's ineffective assistance claim is moot, and we do not reach it. See In re Pers. Restraint of Stevens, 191 Wn. App. 125, 133, 361 P.3d 252 (2015) ("An issue is moot if a court can no longer provide effective relief.").

imposed"); cf. In re Pers. Restraint of Echeverria, 141 Wn.2d 323, 336, 6 P.3d 573 (2000) (trial courts "should scrupulously follow" the statutory allocation procedure "by directly addressing defendants during sentencing hearings, asking whether they wish to say anything to the court in mitigation of sentence, and allowing 'arguments from . . . the offender[ ] . . . as to the sentence to be imposed.' " (quoting former RCW 9.94A.110)).  But the record reflects that during his resentencing hearing, Singh was permitted to—and did—give a statement in which he apologized for his actions, argued that he was now a "different man," and asked the court to impose an exceptional downward sentence.  Singh was not denied his right of allocution.  See Echeverria, 141 Wn.2d at 336 (allocation procedure satisfied where record showed that offender made an argument for leniency as part of his direct testimony during his sentencing hearing).

Next, Singh argues that for a number of reasons, the trial court erred by failing to meaningfully consider—and denying—his request for an exceptional downward sentence. But "where a defendant has requested an exceptional sentence below the standard range[,] review is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range." State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).  "A court refuses to exercise its discretion if it refuses categorically to impose an exceptional sentence below the standard range under any circumstances; i.e., it takes the position that it will never impose a sentence below the standard range." Id.  And "[a] court relies on an impermissible basis for declining to impose an exceptional sentence below the standard range if it takes the position, for example, that no drug dealer should get an exceptional sentence down or it refuses to

consider the request because of the defendant's race, sex, or religion." Id.

Here, the trial court did not categorically refuse to impose an exceptional downward sentence or rely on an impermissible basis to deny Singh's request for one. Instead, the record shows that while the court concluded that mitigating circumstances warranted denial of the State's request for an exceptional upward sentence, it also concluded that those circumstances did not warrant an exceptional downward sentence. This was an appropriate exercise of the trial court's sentencing discretion and will not be disturbed on appeal. Cf. id. at 330-31 (no abuse of discretion where trial court "just disagreed with [the defendant] that the facts warranted" an exceptional downward sentence).

Next, Singh argues that reversal is required because he "was not provided a copy of, or aware of the contents of a letter [the victim] submitted to the court that was considered by the court [at] sentencing."[2] Singh attaches a copy of the alleged letter to his SAGR. He also attaches a letter from counsel, which he cites to support the proposition that the letter was "undisclosed" and he did not receive a copy of it at or before sentencing. But the victim's letter, the letter from counsel, and Singh's assertions about the timing of the letter's disclosure are matters outside of the record on appeal. Accordingly, we do not reach the merits of Singh's claims related to the victim's letter. See RAP 10.10(c) ("Only documents that are contained in the record on review should be attached or referred to in [a SAGR]."); State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (in direct appeal, this court does not consider matters outside the record, and "[i]f a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition.").

---

[2] Some capitalization omitted.

Finally, Singh argues that cumulative error warrants reversal. But "[t]he cumulative error doctrine applies only when several trial errors occurred which, standing alone, may not be sufficient to justify a reversal, but when combined together, may deny a defendant a fair trial." State v. Hodges, 118 Wn. App. 668, 673-74, 77 P.3d 375 (2003). Because Singh has not identified any errors, the doctrine does not apply here.

<u>Conclusion</u>

We remand to the superior court to strike, from Appendix H of Singh's judgment and sentence, the provision directing Singh to "[p]ay supervision fees as determined by the Department of Corrections." Otherwise, we affirm.

FOR THE COURT:

_____
Coburn, J.

_____
Chung, J.

_____
Mann, J.